**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH WAYNE SEKERKE, | No. 21-56062 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-01360-LAB-MSB |
| v. | |
| CITY OF NATIONAL CITY; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| NATIONAL CITY POLICE DEPARTMENT, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 18, 2023[**]

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

Keith Wayne Sekerke appeals pro se from the district court's judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging deprivation of property in violation of the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Sekerke's action because Sekerke failed to allege facts sufficient to show that a meaningful post-deprivation remedy was unavailable to him. *See Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984) (neither negligent nor intentional deprivations of property constitute a due process violation if a meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

We reject as unpersuasive Sekerke's contention that he may not have a meaningful post-deprivation remedy based on the hypothetical application of unspecified state law immunity.

We do not consider Sekerke's Fourth Amendment claim because Sekerke failed to replead it in his operative complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are waived if not repled).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion for judicial notice (Docket Entry No. 23) is granted.  All other requests are denied.

**AFFIRMED.**